IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAUL STEPNER and DANIEL CHESNER,<br><br>Plaintiffs,<br><br>vs.<br><br>SETH LEVINE; 219 HILLSIDE VENTURES, LLC; CLIFTON 126 CENTER LLC; BERGENFIELD VENTURES LLC; and AMBOY SL PARTNERS LLC,<br><br>Defendants. | CIVIL ACTION NO: 20-cv-312 (MCA)(LDW) |

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR JUDGMENT BY DEFAULT**

NATHANIEL A. WEISBROT (NW6029)
LAW OFFICE OF N. ARI WEISBROT LLC
1099 Allessandrini Avenue
New Milford, New Jersey 07646
(201) 788.6146
aweisbrot@weisbrotlaw.com
*Attorneys for Plaintiff*

## PRELIMINARY STATEMENT

As set forth in the Complaint herein, and echoed in dozens of other lawsuits, the Plaintiffs invested $525,000 with Defendants for the purposes of acquiring, managing, developing, and selling real properties. Defendant Levine stole the money. He returned none of it. He accepted and acknowledged service of the Complaint, through counsel, and then, as he has done in a dozen pending cases, failed to answer, appear, or otherwise respond to the Complaint. Default was entered by the Court.

For clarity, Default judgment is sought in connection with the Fourth Count (Fraud), the Fifth Count (Breach of Fiduciary Duty), the Sixth Count (Conversion), and the Eighth Count (Breach of Contract), for a total judgment of $525,000 - - the exact amount converted and stolen by the Defendants - - which includes a credit for minor distributions received and does not include a request for the loss of the use of funds or the benefit of the parties' agreements. The Defendants seek nothing more than the funds they turned over to Levine and which were never returned.

## STATEMENT OF FACTS

The following statement of facts is derived from the Declaration of Daniel Chesner, submitted on September 17, 2020 *(Dkt. No. 12.1)*

Plaintiffs bring this Complaint to recover damages incurred as a result of the Defendants' complicated and extensive scheme through which they solicited and received from the Plaintiffs hundreds of thousands of dollars, in the form of investments and loans related to the acquisition of real estate properties. The Plaintiffs made these investments based upon certain representations and warranties by Defendant Levine. Those representations and warranties have proven false and Plaintiffs' funds have been improperly misappropriated, diverted, and converted for Defendants' own gain leaving Plaintiffs out more than $525,000

without any assurances that their interests in the properties, in fact, exist.

The real properties at issue in this action (the "Properties"), include:

    a) 219 Hillside, Hillside, New Jersey
    b) 126 Center Street, Clifton, New Jersey
    c) 71-73 West Main Street Bergenfield, New Jersey
    d) 627 Raritan Avenue, Perth Amboy, New Jersey
    e) 634 Carlock Avenue, Perth Amboy, New Jersey
    f) 640 Carlock Avenue, Perth Amboy, New Jersey, and
    g) 644 Colgate Avenue, Perth Amboy, New Jersey

Plaintiffs now bring this action alleging fraud, RICO violations, breach of fiduciary duty, breach of contract, conversion, and unjust enrichment, and seek, among other things, the recovery of actual, compensatory, consequential, punitive and treble damages, and an accounting of their investments.

## PARTIES

Plaintiff Daniel Chesner ("Chesner") is an individual with a place of residence located at 1320 Hastings Street, Teaneck New Jersey 07666.

Upon information and belief, Defendant Seth Levine ("Levine") is an individual with a place of residence located at 636 South Forest Drive, Teaneck, New Jersey 07646

Upon Information and belief, Defendant 219 Hillside Ventures, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

Upon Information and belief, Clifton 126 Center LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

Upon Information and belief, Bergenfield Ventures LLC is a New Jersey Limited

3

Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

Upon Information and belief, Amboy SL Partners, LLC is a New Jersey Limited Liability Company, with a principal place of business located at 210 River Street, Hackensack, New Jersey 07601.

## THE INVESTMENTS

### 219 HILLSIDE, HILLSIDE, NJ

In or about March 2016, Defendant Levine solicited Stepner to invest in real property located at 219 Hillside, Hillside, New Jersey. Levine caused to be formed an entity known as "219 Hillside Ventures, LLC" for the purposes of acquiring and managing the property.

Stepner invested $143,000 (for a 26% interest), Defendant Levine claimed to have invested $407,000 (for a 74% interest).

The 219 Hillside transaction was fully funded and closed in approximately March 2016.

Levine prepared and circulated an Operating Agreement for the LLC, which was duly executed by its members.

Through the end of 2017, Stepner received distributions in the amount of $85,540. Thereafter, Stepner receive no income, distributions or payments from the Defendants or the LLC.

### 71-73 WEST MAIN STREET BERGENFIELD, NJ

In or about April 2016, Defendant Levine solicited Stepner to invest in real property located at 71-73 West Main Street, Bergenfield, New Jersey. Levine caused to be formed an entity known as "Bergenfield Ventures LLC" for the purposes of acquiring and managing the property.

Stepner invested $54,000 (for a 10% interest), Defendant Levine claimed to have invested $240,000 (for an 85% interest) and represented that a third member invested $30,000 (for a 10% interest).

The 126 Center Street transaction closed in or about August 2016.

Levine prepared and circulated an Operating Agreement for the LLC, which was duly executed by its members.

Through the end of 2017, Stepner received distributions in the amount of $37,200. Thereafter, Stepner receive no income, distributions or payments from the Defendants or the LLC.  Levine represented to Stepner that he had retained his 10% interest in the Property.

**126 CENTER STREET, CLIFTON, NJ**

In or about November 2018, Defendant Levine solicited Stepner to invest in real property located at 126 Center Street, Clifton, New Jersey. Levine caused to be formed an entity known as "Clifton 126 Center Street LLC" for the purposes of acquiring and managing the property.

Stepner invested $101,500 (for a 10% interest), Defendant Levine claimed to have invested $858,500 (for an 85% interest) and represented that a third member had invested $50,500 (for a 5% interest).

The 126 Center Street transaction closed in or about February 2019.

Levine prepared and circulated an Operating Agreement for the LLC, which was duly executed by its members.

**627 RARITAN AVE, 634 CARLOCK AVE, 640 CARLOCK AVE, AND 644 COLGATE AVE, PERTH AMBOY, NJ**

In or about April 2019, Defendant Levine solicited Plaintiff Chesner to invest in real properties located at 627 Raritan Ave, 634 Carlock Ave, 640 Carlock Ave, and 644 Colgate Ave, Perth Amboy, New Jersey (collectively, the "Perth Amboy Properties.")

Levine caused to be formed an entity known as "Amboy SL Partners, LLC" for the purposes of acquiring and managing the Perth Amboy Properties.

Chesner invested $334,000 (for a 20% interest in the Perth Amboy Properties). Defendant Levine claimed to have invested $835,000 (for a 50% interest). Defendant Levine claimed SL Ventures, LLC - - owned by Levine's brother - - invested $501,000 (for a 30% interest).

The transactions never closed. The Defendant claimed verbally that the he had closed on the Perth Amboy Properties.

Amazingly, despite paying over $334,000 to Levine for the purposes of investing in the Perth Amboy Properties, it appears that Levine simply took the money and never invested or never acknowledged Chesner's interests.

In total, the Plaintiffs invested at least $525,000 in the Defendants' real estate acquisitions.

## DEFENDANTS' MISCONDUCT

Plaintiffs have learned from other pleadings filed in related cases that (i) on or about August 16, 2019, a search warrant for offices operated by Levine and companies with which he is affiliated, including the property manager for the Properties was executed by agents of the Federal Bureau of Investigation (the "FBI"), and (ii) the search warrant was connected to a federal investigation of Levine and his companies.

Plaintiffs learned from other pleadings filed in related cases that, as of approximately August 22, 2019, Levine and his affiliated companies are no longer actively conducting business. Accordingly, each Defendant has abandoned its subject Property and has forsaken its obligation to manage such Property.

Upon information and belief, and based upon information learned from pleadings in other cases, the Defendants do not have sufficient funds to make insurance payments, or are refusing to do so.

Upon information and belief, and based upon several actions pending in this and other Courts, several loans relating to the Properties (and other properties purportedly owned by the Defendants) are in default and the subject of foreclosure proceedings.

Plaintiffs are unable to obtain any information about the Properties or their investments.

Upon information and belief, and based upon several actions pending in this and other Courts, as of August 22, 2019, Levine and the Defendants are no longer conducting business and the LLC defendants have abandoned the Properties and their management obligations.

The actions by the Defendants, as set forth herein, constitute significant and material breaches of the Operating Agreements and/or the Parties' Agreements, which have caused, and will continue to cause, significant and irreparable damage to the Plaintiffs.

During the last several years, Plaintiffs have not received their distributions, income or payments, as required by the operating agreements and/or the parties' Agreements, and the other promises and understanding between the parties. In effect, it seems that Levine has simply converted those distributions for his own use, or to repay other investors.

Moreover, certain 2018 Form K-1s were issued by Levine that were clearly erroneous. 2018 K-1s included distributions that were not issued in 2018. Some distribution checks, disclosed on the K-1s, could not be cashed due to insufficient funds. Yet, the K-1s continued to falsely represent that distributions were made. Those distributions remain due and owing.

While some "payments" were, in fact, paid to and received by Plaintiffs on occasion (and those amounts will be deducted from Plaintiff's ultimate award of damages), it is simply impossible to know the manner in which revenue, distributions, or proceeds were allocated or distributed by the Defendants.

With respect to several investments, Levine purported to finance or refinance the properties but failed to distribute the proceeds to investors. Those funds are unaccounted for.

In total, the Plaintiffs invested $525,000 in the Defendants' real estate acquisitions, which amount remains due and owing.

## **LEGAL ARGUMENT**

### **DEFENDANTS ARE ENTITLED TO JUDGMENT BY DEFAULT**

a. Legal Standard

Rule 55 of the *Federal Rules of Civil Procedure* provides as follows:

(a) Entering a Default**.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

b) Entering a Default Judgment.

> (1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> (2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
>> (A) conduct an accounting;
>> (B) determine the amount of damages;

      (C) establish the truth of any allegation by evidence; or
      (D) investigate any other matter.

  Here, default has already been entered (Dkt No. 5+) by the Clerk.

  The complaint includes 9 causes of action: (1) Civil Rico – 18 U.S.C. 1962(c); (2) Conspiracy to Violate Civil RICO 18-U.S.C. 1962(d); (3) Equitable Accounting; (4) Fraud; (5) Breach of Fiduciary Duty; (6) Conversion; (7) Unjust Enrichment; (8) Breach of Contract; and (9) Appointment of a Receiver.

  Plaintiffs do **not** seek entry of judgment on the First and Second Counts (RICO), the Third Count (Accounting); the Seventh Count (Unjust Enrichment), or the Ninth Count (Receiver).

  Instead, Plaintiffs seek judgment only with respect to the Fourth Count (Fraud), the Fifth Count (Breach of Fiduciary Duty), the Sixth Count (Conversion), and the Eighth Count (Breach of Contract).

  Without belaboring the point, each of the above claims are fully supported by the documents and pleadings submitted in this action, including the Plaintiff's sworn certification. The Defendants - - represented by counsel at the time their answer was due, knowingly and intentionally declined to answer or appear. It was not a mistake - - they declined to answer in <u>dozens</u> of other pending cases. This was their intent. Having failed to answer, the Defendants are deemed to have admitted the allegations of the Complaint and the accompanying pleadings. They certainly cannot be heard to deny them. Moreover, the supporting documents submitted by Plaintiffs amply demonstrate the validity of their claims.

  It is not Plaintiffs' belief that the Court requires (or wants) a detailed recitation of the elements of each of the above basic claims and, therefore, we will not burden the Court will a prolonged submission. Suffice it to say that the Plaintiffs have demonstrated their investments and

loans, the specific amounts of those investments and loans, the agreements with, and representations by, Mr. Levine, the falsity of those representations, the bogus financing, the failure to pay distributions or interest (or anything), the failure to repay the loans, the failure to properly record the Plaintiffs' interests and rights, the preparation of phony Operating Agreements to "sell" the same property to multiple innocent investors, and falsified tax documents, and the lies and deception in obtaining Plaintiffs' money and then converting it for his own uses.

Unlike the wealthy first lien lenders (who appear to be on track to recoup most of their funds), and the receiver (who will also be handsomely paid), and other insiders (who appear to be in line to recover funds),  the Plaintiffs herein include holocaust survivors, individuals, and families, some of whom have been wiped out by these frauds.  They invested in controlling or 50% ownership interests, with the absolute right to ensure the protection of their investments and now are watching as everyone else control, sells, and benefits from their investments - - while they are left out in the cold.  Indeed, counsel is essentially working for free and continues to be drawn into more and more expensive and time-consuming issues relating to this case - - where the Defendants already defaulted!

Therefore, it is respectfully requested that the Court enter Judgment by Default, in connection with the Fourth Count (Fraud), the Fifth Count (Breach of Fiduciary Duty), the Sixth Count (Conversion), and the Eighth Count (Breach of Contract), for a total judgment of $4.5 million.

        Respectfully,

LAW OFFICE OF N. ARI WEISBROT LLC

By: _____
       Nathaniel Ari Weisbrot
1099 Allessandrini Avenue
New Milford, New Jersey 07646   Phone: (201) 788.6146
aweisbrot@weisbrotlaw.com
*Attorneys for All Plaintiffs*

Dated: December 28, 2020